IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CARA WILLIAMS,

   Plaintiff,

  v.

JACQUELINE BARRETT, et al.,

   Defendants.

CIVIL ACTION FILE
NO. 1:05-CV-2569-TWT

ORDER

This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983. It is before the Court on Defendant Jacqueline Barrett's Motion to Dismiss [Doc. 6]. For the reasons set forth below, the Defendant's motion is GRANTED.

I. BACKGROUND

The Plaintiff, Cara Williams, filed this lawsuit for injuries she allegedly sustained while incarcerated in the Fulton County Jail in Atlanta, Georgia. The Defendants are six unidentified deputies of the Fulton County Sheriff's Department and former Fulton County Sheriff Jacqueline Barrett. On March 17, 2004, the Plaintiff was arrested and taken to Fulton County Jail. She claims that she was never processed and, after a period of time, was allowed to leave while a rap video was filmed at the jail. Later that day, she learned that she had been labeled as an escapee

by Defendant Barrett. She alleges that she subsequently called the police and turned herself in voluntarily. Upon arrival at the jail, she claims that she was surrounded by the six unidentified deputies and ordered to strip in a common area with male and female officers and others present. She alleges that following her request for a more private area and to see a supervisor, she was pepper sprayed and savagely beaten, rendering her unconscious. She claims she was next stripped and fondled, then dressed in a jail uniform and dragged around the jail. Overnight, she was allegedly left naked in a holding cell bleeding from open wounds and from her menstrual cycle. She was not allowed to take a shower or flush out her eyes from the effects of the pepper spray until the following morning. The Plaintiff has brought this § 1983 action against Defendant Barrett and the six unidentified deputies. Defendant Barrett has moved to dismiss all claims against her.

## II. MOTION TO DISMISS STANDARD

A complaint should be dismissed under Rule 12(b)(6) only where it appears beyond doubt that no set of facts could support the plaintiff's claims for relief. Fed. R. Civ. P. 12(b)(6); see Conley v. Gibson, 355 U.S. 41, 47 (1957); Linder v. Portocarrero, 963 F.2d 332 (11th Cir. 1992). In ruling on a motion to dismiss, the court must accept the facts pleaded in the complaint as true and construe them in the light most favorable to the plaintiff. See Quality Foods de Centro America, S.A. v.

Latin American Agribusiness Dev. Corp., S.A., 711 F.2d 989, 994-95 (11th Cir. 1983). Generally, notice pleading is all that is required for a valid complaint. See Lombard's, Inc. v. Prince Mfg., Inc., 753 F.2d 974, 975 (11th Cir. 1985), cert. denied, 474 U.S. 1082 (1986). Under notice pleading, the plaintiff need only give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. Id.

### III. DISCUSSION

A. Federal Claims

To establish liability in a personal or individual capacity under § 1983, a plaintiff must show that an official, acting under color of state law, deprived her of a federal right. Holmes v. Crosby, 418 F.3d 1256, 1258 (11th Cir. 2005). Ms. Williams claims that Sheriff Barrett and the other Defendants' actions were committed "without due process of law in violation of the Constitution, treaties, and laws of the United States..." (Compl., ¶ 20.) She also argues specifically that the Defendants' actions constituted torture as defined by 18 U.S.C. § 2340. Supervisory officials are not liable, however, for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability. Miller v. King, 384 F.3d 1248, 1261 (11th Cir. 2004); Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999). Supervisory liability is imposed either "when the supervisor personally participates in the alleged unconstitutional conduct or when there is a causal connection between the actions of

the supervising official and the alleged constitutional deprivation." Miller, 384 F.3d at 1261 (internal marks omitted).  Otherwise, the supervisor is entitled to qualified immunity.  See Hartley, 193 F.3d at 1268.

Because the Plaintiff does not claim that Defendant Barrett participated in her mistreatment at the jail, she must demonstrate a causal connection between Barrett's actions and those of her deputies.  This causal demonstration can be made through either: (1) a history of widespread abuse "putting the responsible supervisor on notice of the need to correct the alleged deprivation"; (2) a supervisor's custom or policy resulting in deliberate indifference to constitutional rights; or (3) facts supporting an inference "that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." Miller, 384 F.3d at 1261. However, "[t]he standard by which a supervisor is held liable in her individual capacity for the actions of a subordinate is extremely rigorous." Cottone v. Jenne, 326 F.3d 1352, 1360-61 (11th Cir. 2003) (citation omitted).  The Eleventh Circuit has further stated that:

> In examining the factual allegations of the complaint, we must keep in mind the heightened pleading requirements for civil rights cases, especially those involving the defense of qualified immunity. In such cases, the complaint must allege the relevant facts with some specificity. More than mere conclusory notice pleading is required.  A complaint will be dismissed as insufficient where the allegations it contains are vague and conclusory.

Dalrymple v. Reno, 334 F.3d 991, 996 (11th Cir. 2003) (citations and punctuation omitted).

The Plaintiff alleges that Defendant Barrett "condoned and was deliberately indifferent to the pattern and practice of deputies in the Fulton County Jail using excessive force" and was "deliberately indifferent to the lack of proper training of Deputies in restraining the use of excessive force and beating and pepper spraying of prisoners in the Fulton County jail." (Compl., ¶¶ 16, 17.)  Although the complaint uses the appropriate language to show a causal connection, it offers no factual allegations in support of these claims.  First, the Plaintiff does not allege any other instances of abuse by Fulton County Sheriff's Deputies putting Defendant Barrett on notice that she needed to better train them.  See Hartley, 193 F.3d at 1269 ("The deprivations that constitute widespread abuse sufficient to notify the supervising official must be obvious, flagrant, rampant and of continued duration, rather than isolated occurrences.").  Second, the Plaintiff does not identify any custom or policy implemented by Defendant Barrett that deprived her of her constitutional rights.  Finally, the complaint does not allege any facts supporting an inference that Defendant Barrett directed these deputies to beat up and pepper spray the Plaintiff or that Defendant Barrett knew that they were going to do so.

Because the Plaintiff's complaint offers only bald legal conclusions without any factual support, her claims against Defendant Barrett are entitled to no deference from this Court. See Dalrymple, 334 F.3d at 996 ("[W]e need only accept 'well-pleaded facts' and 'reasonable inferences drawn from those facts.'"); South Florida Water Mgmt. Dist. v. Montalvo, 84 F.3d 402, 409 n.10 (11th Cir. 1996) ("As a general rule, conclusory allegations and unwarranted deductions of fact are not admitted as true in a motion to dismiss."). The complaint is thus insufficient to survive this motion to dismiss.

The Defendant Barrett is also protected by qualified immunity. In her capacity as supervisor, she is exercising her discretionary authority. Government officials performing discretionary functions are entitled to qualified immunity "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818, (1982). The allegations of the Plaintiff's complaint do not show a violation by the Sheriff – as contrasted to the unidentified deputies – of clearly established statutory or constitutional rights. Where the line is drawn establishing deliberate indifference to the Plaintiff's constitutional rights given the vague and conclusory allegations of the Plaintiff's complaint is necessarily vague and hazy as well. The Plaintiff argues that she should be allowed to conduct discovery to obtain the evidence to support her

conclusory claims against Sheriff Barrett. But the qualified immunity doctrine protects government officials against expensive and time consuming preparation to defend the suit on its merits. Siegert v. Gilley, 500 U.S. 226, 232 (1991). There were other means – such as Open Records Act requests – to obtain evidence of the Sheriff's alleged deliberate indifference or a pattern and practice of abusing prisoners at the jail. Filing suit in federal court is not an automatic ticket to the discovery process where the Plaintiff cannot plead facts that overcome the qualified immunity defense.

### B. Georgia State Law and Constitutional Claims

The Plaintiff also alleges that Defendant Barrett's actions violated due process under the laws and the Constitution of the State of Georgia. Her complaint fails, however, to identify any Georgia law upon which Defendant Barrett could be held liable. As to the constitutional claim, it is barred by the doctrine of official immunity:

> A suit against a public officer acting in his or her official capacity will be barred by official immunity unless the public officer (1) negligently performed a ministerial duty, or (2) acted with actual malice or an actual intent to cause injury while performing a discretionary duty.

Tant v. Purdue, 2006 WL 1228845, at *2 (Ga. Ct. App. 2006); see also Cameron v. Lang, 274 Ga. 122, 123 (2001). "A discretionary duty is one requiring 'the exercise of personal deliberation and judgment, which in turn entails examining the facts, reaching reasoned conclusions, and acting on them in a way not specifically

directed.'" Tant, 2006 WL 1228845, at *2 (quoting Todd v. Kelly, 244 Ga. App. 404, 406 (2000)). The supervision of employees, moreover, necessarily requires the exercise of discretion. See Harvey v. Nichols, 260 Ga. App. 187, 191 (2003); Board of Public Safety v. Jordan, 252 Ga. App. 577, 585 n.14 (2001). Thus, in order to sustain this motion, the Plaintiff must allege facts demonstrating that Defendant Barrett actually intended to cause injury. Because the complaint fails to do so, this claim must also be dismissed.

## IV. CONCLUSION

For the reasons set forth above, Defendant Barrett's Motion to Dismiss [Doc. 6] is GRANTED. The Plaintiff's Motion to Compel [Doc. 10] and Motion for Status Conference [Doc. 11] are DENIED as moot.

SO ORDERED, this 15 day of June, 2006.

/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge