IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CARA WILLIAMS,

    Plaintiff,

       v.

JACQUELINE BARRETT, et al.,

    Defendants.

CIVIL ACTION FILE
NO. 1:05-CV-2569-TWT

## ORDER

This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983.  It is before the Court on Defendant Jacqueline Barrett's Motion for Summary Judgment. [Doc. 42].  For the reasons set forth below, the Defendant's motion is GRANTED.

## I. Background

The Plaintiff, Cara Williams, filed this lawsuit for injuries she allegedly sustained while incarcerated in the Fulton County Jail in Atlanta, Georgia.  The Defendants are former Fulton County Sheriff Jacqueline Barrett and six unidentified deputies of the Fulton County Sheriff's Department.  On March 17, 2004, the Plaintiff was arrested and taken to Fulton County Jail.  She claims that after a period of time, she was allowed to leave while a rap video was being filmed at the jail.  Later that day, she learned that she was being sought as an escapee by Defendant Barrett.  She alleges

that she subsequently called the police and turned herself in voluntarily.  Upon arrival at the jail, she claims that she was surrounded by six unidentified deputies and ordered to strip in a common area with male and female officers and others present.  She alleges that following her request for a more private area and to see a supervisor, she was pepper sprayed and savagely beaten, rendering her unconscious.  She claims she was next stripped and fondled, then dressed in a jail uniform and dragged around the jail.  Overnight, she was allegedly left naked in a holding cell bleeding from open wounds and from her menstrual cycle.  She was not allowed to take a shower or flush out her eyes from the effects of the pepper spray until the following morning. The Plaintiff has brought this § 1983 action against Barrett and six unidentified "John Doe" Defendants.  This Court granted Defendant Barrett's previous Motion to Dismiss.  [Doc. 13].  The Court of Appeals vacated the dismissal and remanded the case in order to allow the Plaintiff an opportunity for discovery.  [Doc. 35]. Defendant Barrett now moves for summary judgment.  [Doc. 42].

## II. Summary Judgment Standard

Summary judgment is appropriate only when the pleadings, depositions, and affidavits submitted by the parties show that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c). The court should view the evidence and any inferences that may be drawn in the light

most favorable to the nonmovant.  Adickes v. S.H. Kress & Co., 398 U.S. 144, 158-59 (1970).  The party seeking summary judgment must first identify grounds that show the absence of a genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986).  The burden then shifts to the nonmovant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact does exist.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986).

III. Discussion

A. Federal Claims

To establish liability in an individual capacity claim under § 1983, a plaintiff must show that an official, acting under color of state law, deprived her of a federal right. Holmes v. Crosby, 418 F.3d 1256, 1258 (11th Cir. 2005).  Ms. Williams claims that Sheriff Barrett and the other Defendants' actions were committed "without due process of law in violation of the Constitution, treaties, and laws of the United States..."  (Compl., ¶ 20.) She also argues specifically that the Defendants' actions constituted torture as defined by 18 U.S.C. § 2340.[1]  Supervisory officials are not liable, however, for the unconstitutional acts of their subordinates on the basis of

---

[1]To the extent that Plaintiff makes a claim under § 2340A, this Court properly dismissed it.  The statute -- which imposes criminal liability on those who commit torture outside the United States -- does not confer additional rights not already protected by the Constitution.  Felder v. Howerton, 240 Fed. Appx. 404, 406 (11th Cir. 2007).

respondeat superior or vicarious liability. <u>Miller v. King</u>, 384 F.3d 1248, 1261 (11th Cir. 2004); <u>Hartley v. Parnell</u>, 193 F.3d 1263, 1269 (11th Cir. 1999).  Supervisory liability is imposed either "when the supervisor personally participates in the alleged unconstitutional conduct or when there is a causal connection between the actions of the supervising official and the alleged constitutional deprivation." <u>Miller</u>, 384 F.3d at 1261 (internal quotation marks omitted).  Otherwise, the supervisor is entitled to qualified immunity.  <u>See</u> <u>Hartley</u>, 193 F.3d at 1268.

Because the Plaintiff does not claim that Defendant Barrett participated in her mistreatment at the jail, she must demonstrate a causal connection between Barrett's actions and those of her deputies.  This causal demonstration can be made through either: (1) a history of widespread abuse "putting the responsible supervisor on notice of the need to correct the alleged deprivation"; (2) a supervisor's custom or policy resulting in deliberate indifference to constitutional rights; or (3) facts supporting an inference "that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." <u>Miller</u>, 384 F.3d at 1261. However, "[t]he standard by which a supervisor is held liable in her individual capacity for the actions of a subordinate is extremely rigorous." <u>Cottone v. Jenne</u>, 326 F.3d 1352, 1360-61 (11th Cir. 2003) (citation omitted).

The Plaintiff alleges that the Defendant "condoned and was deliberately indifferent to the pattern and practice of deputies in the Fulton County Jail using excessive force" and was "deliberately indifferent to the lack of proper training of Deputies in restraining the use of excessive force and beating and pepper spraying of prisoners in the Fulton County jail." (Comp., ¶¶ 16, 17.) Although the Plaintiff alleges a causal connection, she offers no factual support for these claims. First, the only potential causal connection linking the Defendant to the alleged attack would necessarily rely on a history of widespread abuse putting the Defendant on notice of the need to correct the alleged deprivation. Although the Plaintiff alleges that Sheriff Barrett participated more directly in the alleged assault and "Barrett was continually kept informed that night of the events of the Plaintiff's assumed escape," the Plaintiff has provided no evidence to support this claim. (Pl.'s Br. in Opp'n to Def.'s Mot. for Summ. J., at 10).

With regard to a widespread pattern or practice, the Plaintiff does not provide support for allegations of similar other instances of abuse which would put the Defendant on notice that she needed to better train the deputies. See Hartley, 193 F.3d at 1269 ("The deprivations that constitute widespread abuse sufficient to notify the supervising official must be obvious, flagrant, rampant and of continued duration, rather than isolated occurrences."). The Plaintiff attempts to establish that the

Defendant was notified of a history of widespread abuse by introducing a letter from Defendant Barrett to Judge Marvin Shoob in previous litigation in the Northern District.   In the letter, the Defendant admits in opaque terms that improvements in staffing and funding are needed to make the Jail more "safe and secure."  (Pl.'s Br. in Opp'n to Def.'s Mot. for Summ. J., Ex. 11, at 2).   Additionally, the Plaintiff directs this Court to Judge Shoob's show cause order in that litigation.  The order cited by the Plaintiff speaks in general terms of the "unconstitutional conditions of confinement arising from extreme overcrowding, neglected and deteriorating physical facilities, and staff shortages."  Harper v. Bennett, No. 04-1416-MHS, Doc. 7, at 1 (N.D. Ga. June 25, 2004) (addressing alleged unconstitutional conditions at Fulton County Jail).

The alleged notice from previous litigation makes the instant case analogous to Cottone, 326 F.3d at 1361-62.  In Cottone, the plaintiff attempted to establish the necessary causal connection of widespread unconstitutional conduct where the sheriff and jail officials entered into a consent decree which "generally address[ed] unconstitutional practices at the [jail] with respect to conditions of confinement . . . and monitoring of inmates." Id. at 1361.  Even after the notice of the consent decree, simply because some of the guards did not perform their duties properly, the sheriff was not exposed to liability. Id.  There was no evidence that "the supervisors had any

knowledge of [the guards'] failure to monitor inmates or that [the guards] had any past history, or even one prior incident, of failing to monitor inmates." Id. This particularized, specific inquiry emphasizes the "extremely rigorous" standard for subjecting a supervisor to respondeat superior liability under a § 1983 claim. Id. at 1360. In this case, the Plaintiff has likewise failed to show -- or even allege -- that any of the guards that allegedly beat her had any past history of abuse towards inmates. In fact, the Plaintiff has still not determined the names of her alleged attackers. All the Plaintiff has done is establish the Defendant was on notice of a very general atmosphere of allegedly unconstitutional conditions at the jail. These generalities cannot meet the high bar set by the Eleventh Circuit to subject the Defendant to respondeat superior liability. The Plaintiff's total lack of specificity dooms her claims, and summary judgment is now appropriate.

The Plaintiff also attempts to establish a widespread history of abuse by introducing all the physical abuse complaints of alleged inmate beatings from 2002 to the time of the Plaintiff's alleged beating. The Plaintiff's evidence is a mere compilation of the twenty-six abuse complaints over 2.5 years, and only lists the names of the complainant and the accused of each incident. There is no indication as to whether any of the complaints had merit or any circumstances whatsoever of each

complaint, and this minimal evidence is insufficient to defeat a motion for summary judgment under these circumstances.

The Plaintiff blames her lack of evidence on the Defendant's unfair stonewalling during discovery. (See Pl.'s Br. in Opp'n to Def.'s Mot. for Summ. J., at 15) ("Furthermore, once Plaintiff obtains the document she has sought for over a year and a half, she will be able to establish that there was a pattern of such abuse at the Fulton County Jail, and that Defendant's failure to correct it also violated her constitutional right to be free from excessive force."); (see also id., at 18) ("Should this court order Defendant to produce the documents sought in the third request of the 30(b)(6) subpoena, plaintiff will be likely to establish that there existed a pervasive pattern of abuse at the Fulton County Jail."). As a result, the Plaintiff seeks to deny this Motion as a form of discovery sanction against the Defendant based on Fed. R. Civ. P. 56(f). (See Pl.'s Br. in Opp'n to Def.'s Mot. for Summ. J., at 15) (citing Whittaker v. Dep't of Human Resources of State of Ga., 86 F.R.D. 689, 691 (D.C. Ga. 1980), for proposition that "Rule 56(f) permits a party opposing a summary judgment motion to file affidavits stating why he is unable to present by affidavit facts justifying his opposition. . . . When the requirements of Rule 56(f) are met, the court may deny the summary judgment motion. . . ."). Although the Court certainly does not condone the stonewalling of discovery requests, I am not inclined to accommodate the

Plaintiff's request.  The discovery period closed weeks before the motion was filed. If the Defendant truly thwarted the Plaintiff's discovery, she should have filed a motion to compel.  As it is, the Plaintiff belatedly waited to bring the issue to the Court's attention after the close of discovery in its responsive brief after she requested – and the Court granted – three extensions of time to file the brief.  The request for Rule 56(f) relief is untimely.

Because the Plaintiff has not established a constitutional violation against Defendant Barrett, the Court need not consider whether Defendant is eligible for qualified immunity. This result also necessitates closing the file as to all claims against the individual unnamed deputies involved in the alleged beating. The Plaintiff has failed to provide the names of the defendant deputies within Georgia's two-year statute of limitations.  See, e.g., Doe No. 102 v. Georgia Dep't of Corrections, 268 Ga. 582, 583 (1997) ("The [court] correctly dismissed the federal civil rights claims as untimely.  The two-year statute of limitation in O.C.G.A. § 9-3-33 governs claims brought under 42 U.S.C. § 1983 because such claims are most accurately characterized as personal injury actions.").  Because § 1983 does not specify a limitations period, it is usually determined according to the state law period for personal injury torts. City of Rancho Palos Verdes, Cal. v. Abrams, 544 U.S. 113, 124 n.4 (2005).  Further, any substitution of a John Doe defendant with an actual deputy

would not relate back under Fed. R. Civ. P. 15(c)(3).  See, e.g., Wayne v. Jarvis, 197

F.3d 1098, 1103 (11th Cir. 1999) ("Our interpretation of [Rule 15(c)(3)] is consistent

with the decisions of four other circuits which have held that an amended complaint

replacing a 'John Doe' defendant with that defendant's correct name does not relate

back under Rule 15(c)(3)") (overruled on other grounds by Manders v. Lee, 338 F.3d

1304, 1328 n.52 (11th Cir. 2003)).  Consequently, all claims against the unnamed

deputies should be terminated at this stage.

B. Georgia State Law and Constitutional Claims

The Plaintiff also alleges that Defendant Barrett's actions violated due process

under the laws and the Constitution of the State of Georgia.  Her complaint fails,

however, to identify any Georgia law upon which the Defendant could be held liable.

As to the constitutional claim, it is barred by the doctrine of official immunity:

> A suit against a public officer acting in his or her official capacity will
> be barred by official immunity unless the public officer (1) negligently
> performed a ministerial duty, or (2) acted with actual malice or an actual
> intent to cause injury while performing a discretionary duty.

Tant v. Purdue, 278 Ga. App. 666, 668 (2006); see also Cameron v. Lang, 274 Ga.

122, 123 (2001).  "A discretionary duty is one requiring 'the exercise of personal

deliberation and judgment, which in turn entails examining the facts, reaching

reasoned conclusions, and acting on them in a way not specifically directed.'" Tant,

278 Ga. App. at 668 (quoting Todd v. Kelly, 244 Ga. App. 404, 406 (2000)).  The

supervision of employees, moreover, necessarily requires the exercise of discretion. See Harvey v. Nichols, 260 Ga. App. 187, 191 (2003); Board of Public Safety v. Jordan, 252 Ga. App. 577, 585 n.14 (2001).  Thus, in order to sustain this motion, the Plaintiff must have presented evidence demonstrating that the Defendant actually intended to cause injury.  The Plaintiff has failed to produce any such evidence. Summary judgment is appropriate as to the state claims.

## IV. Conclusion

For the reasons set forth above, the Defendant's Motion for Summary Judgment [Doc. 42] is GRANTED.

SO ORDERED, this 12 day of February, 2008.


/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge